# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

ROXAUNA M., )
                          Plaintiff )
)
v. )   No. 1:17-cv-00350-NT
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security,* )
)
                         Defendant )

## REPORT AND RECOMMENDED DECISION[1]

This Child's Disability Benefits ("CDB") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ erred in determining her physical residual functional capacity ("RFC") when he (i) found that she had no medically determinable impairments of migraines and vertigo, (ii) relied on the opinion of a layperson "Single Decision Maker" rather than that of a medical expert, and (iii) erred in evaluating her subjective complaints regarding her symptoms and limitations. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 5-12.[2] I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] To be entitled to a CDB award on the earnings record of a wage earner, a claimant who is over 18 and not a full-time student must demonstrate that he or she has a disability that began before he or she turned 22. *See* 20 C.F.R. § 404.350. The ALJ separately determined, pursuant to special rules pertaining to the assessment of disability in children, that the plaintiff was not disabled prior to September 4, 2014, the day she attained age 18. *See* Record at 21-23; Findings

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that, since attaining age 18, the plaintiff had the severe impairments of attention deficit hyperactivity disorder, learning disability, depressive disorder, and general anxiety disorder, Findings 3, 7-8, Record at 25, 38; that, since attaining age 18, she had the RFC to perform a full range of work at all exertional levels, but with the nonexertional limitations that she should not be exposed to unprotected heights and should not climb ladders, ropes, or scaffolding, should not be required to use math skills above the third-grade level, was limited to simple, routine, competitive, repetitive tasks on a sustained basis over a normal eight-hour workday, in a stable work environment, with no more than simple decision making, should not have close interpersonal interaction with co-workers or supervisors, should not interact with the public, and should not have to be in crowded areas, Finding 10, *id*. at 39; that, considering her current age (a younger individual age 18-44), education (high school education in a special education program), work experience (none), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 12-15, *id*. at 41; and that she, therefore, had not been disabled from her alleged onset date of disability, January 1, 2002, through the date of the decision, April 12, 2016, Finding 16, *id*. at 42-43.¹ The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

¹ 1-6, 16, *id*. at 25-38. The plaintiff does not challenge those findings insofar as they pertain to whether she was disabled prior to age 18. *See* Statement of Errors at 5-12. Although the plaintiff was born on September 5, 1996, *see* Finding 1, Record at 25, a claimant is deemed to "reach a particular age on the day before [his or her] birthday[,]" 20 C.F.R. § 404.102.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Consideration of Alleged Migraines and Vertigo

The plaintiff first argues that the ALJ erred in failing to find at Step 2 that her migraine headaches and vertigo were medically determinable impairments. *See* Statement of Errors at 5-7. I find no error. The ALJ explained, in relevant part:

> The [plaintiff] has alleged having migraine headaches; however, [she] never presented to the emergency room for such headaches, [she] saw a neurologist only once for this complaint and did not follow through with his recommendations, and there is no evidence of any testing abnormalities to reflect such a diagnosis. The [plaintiff]'s neurologic examination was negative. This is not a medically determinable impairment. No acceptable medical source has indic[]ated any resultant work related limitations from headaches such as the need for frequent absences or unscheduled work breaks. The [plaintiff] alleged vertigo; however, when assessed for this by a neurologist, he noted that she had a negative Dix-Hallpike maneuver, considered indicative of true vertigo. The [plaintiff] never underwent testing or assessment by an ENT, and did not undergo the objective testing which could have diagnosed vertigo. It was considered that the [plaintiff]'s complaints were associated with allergies, and she was instructed to take Zyrtec. None of the [plaintiff]'s treating physicians imposed any restrictions on her activities as a result of this complaint. This is not a medically determinable impairment.

Record at 25-26.[3]

The plaintiff contends that, in so finding, the ALJ misconstrued the July 11, 2014, note of neurologist Peter F. Morrison, M.D., who listed both vertigo and migraine headaches under the heading "Assessments[,]" indicating that he "believed based upon his examination and evaluation that [she] had a migraine headache impairment and an associated vertigo impairment." Statement of Errors at 6-7 (citing Record at 657-58).

---

[3] A Dix-Hallpike maneuver is a "test for eliciting paroxysmal vertigo and nystagmus in which the patient is brought from the sitting to the supine position with the head hanging over the examining table and turned to the right or left; vertigo and nystagmus are elicited when the head is rotated toward the affected ear." Stedman's Medical Dictionary 1060 (27th ed. 2000). Nystagmus is the "[i]nvoluntary rhythmic oscillation of the eyeballs, either pendular or with a slow and fast component." *Id*. at 1246. A specialist in "ENT" addresses the ears, nose, and throat. *See id*. at 596.

"No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." Social Security Ruling 96-4p, reprinted in *West's Social Security Reporting Service*, Rulings 1983-1991 (Supp. 2017) ("SSR 96-4p"), at 118.

And, even though the burden is *de minimis*, it is nevertheless "the plaintiff's burden to produce sufficient evidence to allow the commissioner to reach a conclusion at Step 2; the absence of evidence provides support for a conclusion adverse to the plaintiff at this point in the sequential evaluation process." *Coffin v. Astrue*, Civil No. 09-487-P-S, 2010 WL 3952865, at *2 (D. Me. Oct. 6, 2010) (rec. dec., *aff'd* Oct. 27, 2010).

As the commissioner argues, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 3-6, the ALJ supportably concluded that the plaintiff did not have medically determinable impairments of either vertigo or migraine headaches because the evidence of record, including the Morrison note, did not document the requisite medical signs and laboratory findings.

While Dr. Morrison indicated that he "suspect[ed]" that the plaintiff had "a migrainous vertigo" and described her "constellation of symptoms" as "most consistent with migraine headache[,]" stating that he would "presumptively treat her migraines" with "a trial of magnesium and riboflavin" and "see if this helps with her vertigo[,]" he noted that the results of both general physical and neurological examinations of the plaintiff were "completely normal." Record at 657-58; *see also id*. at 659. As the commissioner notes, *see* Opposition at 4, Dr. Morrison did not conduct a neuroimaging test, explaining that, "[i]n general[,] routine neuroimaging is not indicated for children who have recurrent headaches and normal neurologic examinations[,]" Record at 658.

Dr. Morrison further indicated that there could be other causes of the plaintiff's symptoms, for example, the overuse of over-the-counter analgesics. *See id*.

The Morrison note, therefore, does not undercut the ALJ's finding that the plaintiff had no medically determinable impairments of vertigo and migraine headaches. "In the absence of a medically determinable impairment, a claimant's symptoms rightfully are ignored[.]" *Blackmore ex rel. JS v. Astrue*, Civil No. 09-385-P-S, 2010 WL 2674594, at *3 (D. Me. June 29, 2010) (rec. dec., *aff'd* July 19, 2010).

In any event, as the commissioner argues in the alternative, *see* Opposition at 7-9, even if the ALJ erred in failing to find that the plaintiff had medically determinable vertigo and migraine impairments, remand is unwarranted because the plaintiff identifies no evidence that those impairments caused greater functional limitations than those the ALJ assessed, *see* Statement of Errors at 5-9; *Bolduc v. Astrue,* Civil No. 09-220-B-W, 2010 WL 276280 at *4 n.3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the [claimant]'s claim."); *Bard v. Soc. Sec. Admin. Comm'r*, 736 F. Supp.2d 270, 276 (D. Me. 2010) ("[T]he claimant bears the burden of proving the limitations that factor into the [c]ommissioner's [RFC] finding.").[4]

### B. Reliance on Opinion of Single Decision Maker

The plaintiff next contends that the ALJ erred in purporting to rely on the opinion of an agency nonexamining consultant, Robert Hayes, D.O., in assessing her physical RFC but instead adopting the RFC opinion of a non-physician Single Decision Maker. *See* Statement of Errors at

---

[4] This is dispositive of the plaintiff's related argument that the ALJ failed to consider the combined effect of her impairments in determining her RFC. *See* Statement of Errors at 7. In any event, as the commissioner observes, *see* Opposition at 7, the ALJ summarized evidence bearing on the plaintiff's alleged vertigo and migraine symptoms in discussing her RFC, *see* Record at 40-41.

6

7-9; *compare* Finding 10, Record at 39; *id*. at 40 *with id*. at 194-95, 210. A Single Decision Maker "is an employee of the Social Security Administration who has no medical credentials" and whose opinion "is entitled to no weight." *Chambers v. Colvin*, Civil No. 15-cv-150-JL, 2016 WL 614405, at *4 (D.N.H. Feb. 16, 2016). Accordingly, if an ALJ relies on the opinion of a Single Decision Maker in formulating an RFC, the ALJ is considered to have "effectively substituted his own judgment for medical opinion." *Id.* (citation and internal quotation marks omitted).

The plaintiff contends that the error "is not harmless because the record contains no assessment of functional limitations caused by migraine headaches and vertigo that was completed by an acceptable medical source and supported by substantial evidence." Statement of Errors at 8-9. She asserts that, in finding no severe physical impairment, Dr. Hayes relied on a lack of medical evidence of record documenting impairment in functioning "rather than assessing the consistency of the alleged symptoms and limitations with the medical and other evidence of record after finding that migraine headaches were a medically determinable impairment." *Id*. at 9.

The commissioner concedes that the ALJ erred in adopting the RFC finding of a Single Decision Maker but argues that, for several independent reasons, the error is harmless. *See* Opposition at 7-8. I agree.

First, as noted above, the ALJ supportably found no medically determinable impairment of vertigo or migraine headaches, as a result of which the plaintiff's alleged symptoms from those conditions could not be a basis for a finding of disability. *See, e.g*., SSR 96-4p at 118.

Second, as also discussed above, the plaintiff identifies no evidence that these conditions caused greater functional limitations than found by the ALJ.

Third, and finally, "a claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support." *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) (footnote omitted). That is the case here.

Whereas Dr. Hayes found no severe impairment and assessed no physical limitations, *see* Record at 210, the Single Decision Maker on whose opinion the ALJ actually relied assessed several physical limitations, including restrictions against exposure to hazards and in climbing and stooping, *see id*. at 194-95. To the extent that the plaintiff means to suggest that the Hayes opinion cannot stand as substantial evidence of her physical RFC because he failed to assess the consistency of her allegations with the medical and other evidence of record, *see* Statement of Errors at 9, her criticism is unavailing. With the benefit of a summary of the updated medical and other evidence of record, *see* Record at 205-07, Dr. Hayes found that the plaintiff's nonsevere migraine headaches did "not significantly limit [her] physical . . . ability to do basic work activities[,]" *id*. at 209.

### C. Assessment of Plaintiff's Subjective Symptoms

The plaintiff finally argues that the ALJ erred in his assessment of her statements regarding her subjective symptoms stemming from vertigo and migraine headaches. *See* Statement of Errors at 9-12. As the commissioner concedes, *see* Opposition at 10 & n.3, the ALJ erroneously cited the then-rescinded Social Security Ruling 96-7p ("SSR 96-7p"), stating that he undertook to evaluate the "credibility" of the plaintiff's statements, *see* Record at 26-27, rather than Social Security Ruling 16-3p ("SSR 16-3p"), which removed all references to "credibility" and clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" SSR 16-3p,

reprinted in *West's Social Security Reporting Service*, Rulings 1983-1991 (Supp. 2017), at 665.[5]
However, as the commissioner argues, *see* Opposition at 10-13, the error is again harmless for several independent reasons.

First, as noted above, the ALJ supportably found no medically determinable impairment of vertigo or migraine headaches, as a result of which her alleged symptoms from those conditions could not be a basis for a finding of disability. *See, e.g.*, SSR 16-3p at 666 ("An individual's symptoms . . . will not be found to affect the ability to perform work-related activities . . . unless medical signs or laboratory findings show a medically determinable impairment is present.").

Second, even assuming that the ALJ erred in failing to find medically determinable vertigo or migraine headache impairments, the findings challenged by the plaintiff survive scrutiny.

The plaintiff complains that, in violation of SSR 16-3p, the ALJ drew negative inferences from her purported failure to follow prescribed treatment without considering possible reasons for said failure. *See* Statement of Errors at 11; SSR 16-3p at 673 (ALJs "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").[6]

The ALJ observed that, although the plaintiff claimed to suffer from headaches all day, every day, she did not take migraine medication, took analgesics even though Dr. Morrison cautioned that doing so could cause headaches, and failed to follow Dr. Morrison's advice to take

---

[5] SSR 16-3p took effect, superseding SSR 96-7p, on March 28, 2016. *See* Social Security Ruling 16-3p Titles II And XVI: Evaluation Of Symptoms In Disability Claims, 82 Fed. Reg. 49462, 49462-63 (Oct. 25, 2017). The instant decision was issued on April 12, 2016. *See* Record at 43.
[6] SSR 96-7p contained similar language, directing that ALJs "must not draw any inferences . . . from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, reprinted in *West's Social Security Reporting Service*, Rulings 1983-1991 (Supp. 2017), at 139.

vitamin supplements as a preliminary attempt to prevent her headaches or follow up with him as recommended. *See* Record at 32. Yet, while he did not consider any possible reasons for these purported failures, the plaintiff identifies none that he could have considered, instead arguing that he had a duty to make such an inquiry. *See* Statement of Errors at 11. Yet, the language on which she relies indicates only that an ALJ "may need to . . . ask why [a claimant] has not complied with or sought treatment in a manner consistent with his or her complaints." SSR 16-3p at 677.[7]

The ALJ also found, in relevant part, that the record did not support the plaintiff's complaints regarding vertigo, noting that "her complaints of dizziness were associated with seasonal allergy symptoms for which she was instructed to take Zyrtec as needed[,]" she "was never seen by an ENT and never underwent testing[,]" Dr. Morrison "did not believe she had vertigo, as her performance on the Dix-Hallpike test was negative for nystagmus[,]" and "[t]here were no restrictions on her activities." Record at 32.

The plaintiff complains that in so doing, the ALJ discounted her statements regarding vertigo symptoms solely because they were unsubstantiated by objective medical evidence, in violation of SSR 16-3p. *See* Statement of Errors at 11-12; SSR 16-3p at 669 (ALJs "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.") (footnote omitted).[8]

Nonetheless, as the commissioner observes, *see* Opposition at 13, the ALJ considered other record evidence, including the fact that one of the plaintiff's treating physicians thought her vertigo

---

[7] Again, SSR 96-7p contained similar language. *See* SSR 96-7p at 139 (an ALJ "may need to . . . question the individual at the administrative proceeding in order to determine whether there are good reasons" for noncompliance with medical treatment).

[8] Again, SSR 96-7p contained similar language. *See* SSR 96-7p at 138 ("[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded solely because they are not substantiated by objective medical evidence.").

was associated with allergies and the fact that no treating source imposed limitations due to vertigo, *see* Record at 32.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of July, 2018.

    /s/ John H. Rich III
    John H. Rich III
    United States Magistrate Judge